**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LABORERS' PENSION FUND, et al.,** | ) | |
| **LABORERS' WELFARE FUND OF THE** | ) | |
| **HEALTH AND WELFARE DEPARTMENT** | ) | |
| **OF THE CONSTRUCTION AND GENERAL** | ) | |
| **LABORERS' DISTRICT COUNCIL OF** | ) | |
| **CHICAGO and VICINITY, and LABORERS'** | ) | |
| **DISTRICT COUNCIL RETIREE HEALTH** | ) | |
| **AND WELFARE FUND, and CATHERINE** | ) | |
| **WENSKUS, not individually, but as** | ) | |
| **Administrator of the Funds,** | ) | |
| | ) | **Case No. 19 C 3022** |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Honorable Mary Rowland** |
| | ) | |
| **M2 CONSTRUCTION, INC., an Illinois** | ) | |
| **corporation, and RAMON CALDERON,** | ) | |
| **individually,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' MOTION FOR JUDGMENT DAMAGES IN SUM CERTAIN
AGAINST DEFENDANTS PURSUANT TO RULE 55(b)**

Plaintiffs, the Laborers' Pension Fund and the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, in her official capacity as the Administrator of the Funds (herein collectively referred to as "Funds"), by their attorney, Sara S. Schumann, move for entry of judgment damages in sum certain against Defendants M2 Construction, Inc. ("Company") and Ramon Calderon ("Calderon") individually and pursuant to Rule 55(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  In support of its motion Plaintiffs state as follows:

1.     On May 3, 2019, Funds filed a Complaint against Defendants (Docket No. 1). Summons and Complaint were properly served, and on June 16, 2020, the Court granted

Plaintiffs' motion for entry of a default judgment against the Defendants, pursuant to Rule 55(b) of the Fed. R. Civ. P., allowing Plaintiffs additional time to file the present motion for damages in sum certain (See Docket no. 33).

2.      On June 16, 2020, Plaintiffs sent copies of the Court's default entry to Defendants via email and regular mail, and has also had additional communications since that date with Defendant Calderon, who is Company's owner and president. Further efforts to resolve the Defendants' delinquency to the Funds were made, but, amounts are still due based on an audit and as to Defendants' installment note ("Note") with the Funds that Calderon personally guaranteed ("Guaranty"). Copies of Guaranty, Note and Note Payment Worksheet at the time this action was filed were attached to Plaintiffs' Complaint (See Docket No. 1, Exhibits B – D), and are attached hereto as Group Exhibit B (Exh.B-1 Guaranty, Exh.B-2 Note, Exh.B-3 Payment Worksheet filed with Complaint). To date, Defendants owe a Note balance in the amount of $1,935.29, as reflected in the updated Payment Worksheet that is included with Group Exhibit B attached hereto (See Exh.B-4 Payment Worksheet to date).

3.      Company and the Construction and General Laborers' District Council of Chicago & Vicinity ("Union") are parties to an Independent Construction Industry Collective Bargaining Agreement ("Memorandum Agreement"), which was also attached to Plaintiffs' Complaint, and is attached hereto as Exhibit A-1. The Memorandum Agreement incorporates and adopts the Joint Agreements between the Union and various employer associations (Exh. A-1 at ¶2). The Joint Agreements at all times relevant govern the terms and conditions of employment of Company's employees in the bargaining unit represented by the Union. A copy of relevant portions of a Joint Agreement ("CAICA Agreement") is attached as Exhibit A-2.

4.      Pursuant to Sections 502(e)(1) and (2) and 515 of the Employee Retirement

2

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and the Agreements and Declarations of Trust, the Funds are entitled to judgment damages in sum certain against Defendants, which have obligations, arising from the Joint Agreements and the Memorandum Agreement (collectively referred to as the "Agreement"), as well as from the also incorporated respective Funds' Agreements and Declarations of Trust, which relevant portions are attached hereto with the Affidavit of Funds' Field Department Representative Joseph Gilleran (Exh.A, Gilleran Affidavit, Exh.A-1 Memorandum Agreement, Exh.A-2 Joint Agreement, Exh.A-3 Pension, Exh.A-4 Welfare, Exh.A-5 Retiree Welfare).

5.      As explained by Mr. Gilleran, the Agreement and the Funds' respective Agreements and Declarations of Trust to which Company is bound require it to submit benefit reports and contribution payments by the tenth day of the following month.  Payments not received within thirty days of this date are assessed liquidated damages in the amount of twenty (20) percent of the unpaid or late contributions to the Welfare, Retiree Welfare, Pension and Training funds, and in the amount of ten (10) percent of the unpaid or late contributions to the LDCLMCC, CAICA and LECET funds, and for Union dues, plus interest on all such amounts at the rate of twelve (12) percent from the date of the delinquency forward.  Furthermore, based on the terms of the Note and Guaranty, Company and Calderon, individually, are both obligated for all such amounts (See, Exh.A, Gilleran Affidavit at ¶¶4-7; Exhs.B-1 and 2 Guaranty and Note).

6.      The Agreement and the Funds' respective Agreements and Declarations of Trust further obligate Company to submit its books and records to the Funds for periodic audits to determine benefit contribution compliance, and when there are findings or litigation is necessary

to gain compliance with the auditing process the company is obligated to pay the audit costs, as well as obligated to obtain and maintain a bond (See, Exh. A, Gilleran Affidavit at ¶¶4-6 and 9).

7.     Additionally, per agreement the Funds have been duly authorized to act as collection agents on behalf of Union for union dues owed (See, Exh. A, Gilleran Affidavit at ¶3).

8.     Plaintiffs selected the independent auditing firm of Bansley and Kiener, LLP, to conduct a compliance audit of Company, covering the period of April 1, 2016 through September 30, 2018 ("Bansley Audit"). A redacted copy of the Bansley Audit, Summary Report and Penalty Ledger is attached hereto as Exhibit D.  The Bansley Audit reflects the amount of $158,815.55 in unpaid principal contributions and dues is owed to Funds for the audit period.

9.     As established by Mr. Gilleran, Funds are entitled to judgment damages against Company and Calderon for the Bansley Audit in the amount of $265,026.19, consisting of the following:

- $158,815.55     Principal contributions and dues from the Bansley Audit,
- $ 30,610.03     Liquidated damages on Bansley Audit
- $ 21,955.97     Accumulated liquidated damages (for untimely payments)
- $ 45,145.60     Accumulated interest
- $   6,563.75     Bansley Audit cost
  $263,090.90     Sub-total amount due Funds from Bansley Audit

(Exh.A Gilleran Affidavit ¶¶3-7; Exh.D, Bansley Audit, Summary Report, Payment History).

10.     Additionally, the Funds are entitled to judgment damages for the remaining Note balance on Defendants defaulted Note in the amount of $1,935.29.   Thus, Company and Calderon owe Funds the amount of $265,026.19 for the amounts due from the Note and the Bansley Audit, as established by Mr. Gilleran (Exh.A, Gilleran Affidavit; Exh.B, Note, Guaranty and Payment Worksheets; Exh. D, Bansley Audit, Summary Report and Payment History).

11.     Plaintiffs are also entitled to its attorneys' fees and costs under ERISA, 29 U.S.C. § 1132(g)(2)(B), as well as pursuant to the Agreement, the Note and Guaranty.  As established

by the undersigned, the Funds have incurred $21,404.00 in attorneys' fees and costs in this action (See, Exh. C, Schumann Affidavit, Exh. C1 Fee Report, Exh. A, Gilleran Affidavit at ¶8).

12.     Additionally, Defendants must obtain and maintain a bond in compliance with the Agreement.

13.     Pursuant to Rule 55(b) of the Fed. R. of Civil P, Plaintiffs respectfully move the Court to enter an award for judgment damages in the total amount of $286,430.19 in the Funds favor and against the Defendants, M2 Construction and Ramon Calderon, jointly and severally, and request the Court set this matter for a telephonic or in person hearing if it deems necessary.

14.     Plaintiffs will provide, as stated in the Certificate of Service below, a copy of this motion and the proposed draft order, as well as notify Defendants if the Court subsequently sets this motion for a hearing.

WHEREFORE Plaintiffs respectfully request this Court enter an order for judgment damages in sum certain in favor of Plaintiffs and pursuant to Rule 55(b) of the Fed R. Civ. P., in the total amount of $286,430.19, jointly and severally against Defendants M2 Construction, Inc., and Ramon Calderon.

Respectfully submitted,

LABORERS' PENSION FUND, et al.,

September 30, 2020                    By: _____/s/ Sara S. Schumann_
                                          *Associate Fund Counsel*

Laborers' Pension and Welfare Funds
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
W: (312) 692-1497
C: (773) 255-9878
SaraS@chilpwf.com

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused copies of the foregoing motion to be served upon the following individual and entity via mail and email sent on this 30th day of September 2020.

M2 Construction, Inc.
c/o Ramon Calderon, owner and registered agent
2338 Dawson Lane
Algonquin, IL 60102

Ramon Calderon
2338 Dawson Lane
Algonquin, IL 60102
rayc@m-2construct.com

By:    /s/ Sara S. Schumann